UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY       :       ECF Case
COMMISSION,                                              :
                                                                        :
       Plaintiff,                                           :       Civil Action. No._____
                                                                        :
v.                                                                     :
                                                                        :       COMPLAINT AND
NEW COMMUNITY CORPORATION         :
                                                                        :       JURY TRIAL DEMAND
       Defendant.                                        :
--------------------------------------------------------X

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and retaliation and to provide appropriate relief to Anthony Kerr who was adversely affected by such practices. As charged with greater particularity below, Defendant unlawfully denied Kerr his request for a reasonable religious accommodation that he be excused from a requirement that employees donate money to a religious school because the school's religious mission was different than his religious beliefs as a Muslim, unlawfully retaliated against Kerr and terminated Kerr's employment with Defendant because Kerr engaged in protected activity and complained about discrimination, and unlawfully failed to make and preserve records relevant to the determination of whether unlawful employment practices are being committed

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant New Community Corporation, has continuously been doing business in the State of New Jersey, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Anthony Kerr filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since on or about February 18, 2005 Defendant has engaged in unlawful employment practices in Newark, New Jersey, in violation of in violation of Section 703, 704 and 706 of Title VII, 42 U.S.C. § 2000e-2, -3, and -5. These practices include but are not limited to the following:

    a. On or about February 18, 2005 Defendant sent a memo to Kerr and other employees working as task force officers in Defendant's security department a memo soliciting funds for a Catholic school that is part of a

       Catholic parish. Kerr, a Muslim, did not make a contribution to the religious charity because its religious mission differed from his religious beliefs as a Muslim. One of Kerr's supervisors then asked Kerr to contribute and told Kerr that there would be a problem if he did not contribute. Kerr requested that Defendant provide him a reasonable accommodation excusing him from a requirement that employees donate money to a Catholic school that is part of a Catholic parish, because the school's religious mission was different than his religious beliefs and wrote a memo to Defendant explaining that he was "standing by [his] own religious convictions" and objecting to being coerced into contributing to a religious charity that differed from his religious beliefs. .

b.   By memo dated April 30, 2005, Defendant removed Kerr from its work schedule in May and June 2005 in unlawful retaliation against Kerr because he failed to make the required contribution to the religious charity due to his expressed religious beliefs. By doing so, Defendant also unlawfully refused to grant Kerr's request for a religious accommodation. After receiving a letter from Kerr's attorney complaining of the reduction in Kerr's work hours, Defendant temporarily reinstated Kerr to his part-time hours in early July 2005.

c.   On August 8, 2005 Kerr filed a charge of discrimination with EEOC regarding Defendant's suspension of his employment in May and June 2005, and on or about August 19, 2005, Defendant unlawfully retaliated against Kerr by terminating his employment with Defendant.

3

        d.        On or about October 11, 2005, Kerr filed another charge of discrimination with the EEOC alleging retaliation by Defendant in terminating his employment, and within several days of the service of this charge on Defendant, Defendant unlawfully retaliated against Kerr by making an improper complaint about Kerr with his full-time employer alleging that Kerr had engaged in misconduct during his employment with Defendant, resulting in an investigation of Kerr by his full-time employer.

8.       The effect of the practices complained of above has been to deprive Kerr of equal employment opportunities and otherwise adversely affect his status an employee because of his religion.

9.       Since at least February 18, 2005, Defendant has failed, in violation of Section 709 of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

10.      The unlawful employment practices complained of above were intentional.

11.      The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Kerr.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of religion;

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Muslims, and which eradicate the effects of its past and present unlawful employment practices;

  C. Order Defendant to make whole Kerr, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including, but not limited to, front pay and reinstatement of Kerr;

  D. Order Defendant to make whole Kerr, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  E. Order Defendant to make whole Kerr, by providing compensation for non-pecuniary losses, including pain, suffering, emotional distress, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

  F. Order Defendant to pay Kerr punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

  G. Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 28, 2006
      New York, New York

           Respectfully submitted,

           Ronald S. Cooper
           General Counsel

           James L. Lee
           Deputy General Counsel

           Gwendolyn Y. Reams
           Associate General Counsel

           EQUAL EMPLOYMENT OPPORTUNITY
           COMMISSION
           1801 L Street, N.W.
           Washington, D.C.   20507


           _____s/Elizabeth Grossman_____
           Elizabeth Grossman
           Regional Attorney


           _____s/Judy Keenan _____ _____
           Judy Keenan
           Acting Supervisory Trial Attorney


           _____s/Michael Ranis_____
           Michael Ranis (3757)
           Trial Attorney
           EQUAL EMPLOYMENT OPPORTUNITY
           COMMISSION
           New York District Office
           33 Whitehall St., 5th Floor
           NY, NY 10004-2112
           (212) 336-3701
           Michael.Ranis@eeoc.gov